IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 




NO. 3-93-136-CV





BRUSHY CREEK MUNICIPAL UTILITY DISTRICT,



 APPELLANT


vs.





TEXAS WATER COMMISSION; CITY OF ROUND ROCK;


FIRST HOTEL INVESTMENT CORP.; HIGHLAND MANAGEMENT, INC.;


HY-LAND JOINT VENTURE; AND HY-LAND NORTH JOINT VENTURE,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 92-11731, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 The Commission and Intervenors have filed motions for rehearing, which we
hereby overrule. The District has also filed a motion for rehearing. We overrule that motion as
well. We should, however, mention an assignment of error contained in the District's motion for
rehearing.

 While the contested case was pending before the Commission, the City unilaterally
increased certain charges under its contract with the District. In its final order, the Commission
determined the District was entitled to a refund of amounts accumulated by reason of the increased
charges; and, the agency ordered the City of calculate the amount of the refund owed the District
and to make payment accordingly. The District contends due process of law entitled it to a
hearing and a decision by a disinterested decisionmaker, concerning the amount of the refund. 
We did not address the point above.

 The District complains in its motion for rehearing that we did not fashion an
equitable remedy by which the District might recover in this proceedings any sums due the
District by reason of the increased charges. The District points out the obvious aspect of judicial
economy associated with such a remedy, but it does not suggest any authority for such remedy
or what it might be. The sole cause of action before us is a suit for judicial review of the agency's
final order in the contested case--a final order the agency had not authority to issue in our view. 
We cannot create another cause of action for debt and make it part of the appeal in order that the
District might recover the sums it is owed. We do not see how the district court might do so on
remand. The Commission has no jurisdiction to decide the cause of action as an independent
issue. The District concedes no evidence has been received by any tribunal concerning the
disputed charges. We therefore overrule the District's complaint, without prejudice to its right
to seek a remedy at common law in an independent lawsuit.




 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Filed: 

Publish